The relief described hereinbelow is SO ORDERED.

Signed February 04, 2011.



_____
ROBERT D. BERGER
United States Bankruptcy Judge

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF KANSAS

**In re:**

| | |
|---|---|
| **KEITH JOHN PICHT and** | **Case No. 08-20677** |
| **TAMARA JEAN PICHT,** | **Chapter 13** |
| **Debtors.** | |

### MEMORANDUM OPINION AND ORDER
### DENYING BANK OF THE PRAIRIE'S OBJECTIONS TO
### DEBTORS' FIRST AMENDED CHAPTER 13 PLAN

Creditor Bank of the Prairie objects to Debtors' First Amended Chapter 13 Plan after the United States Bankruptcy Appellate Panel for the Tenth Circuit ("BAP") reversed the order confirming Debtors' original Chapter 13 plan (Doc. Nos. 126 and 128).

The Court previously confirmed Debtors' original plan over the Bank's objection. The Bank holds an *in rem* foreclosure judgment and a second mortgage lien against Debtors' home in the amount of $127,000. Debtors' personal obligation to the Bank was discharged in Debtors' prior Chapter 7 case. Debtors' original plan had proposed to strip down the Bank's junior mortgage lien, pay the Bank $15,716.95 as the *in rem* value of its lien, and leave the remaining unsecured portion of the Bank's claim discharged by the prior Chapter 7 bankruptcy. The BAP

held Debtors' original plan violated §1325(a)(5)(B)(i)(I)(aa) because Debtors proposed to pay the Bank the value of its lien rather than its debt, and the Bank can not be forced to release its lien in exchange for payments totaling less than the full amount of the Bank's debt when Debtors are ineligible for a second discharge.[1]

Debtors' First Amended Plan proposes to surrender the residence to the Bank and make no payments toward the discharged deficiency.[2]

While the appeal was pending, Debtors paid $15,716.95 in principal and $1,260.50 in interest to the Chapter 13 Trustee, who paid the sums to the Bank pursuant to the originally confirmed plan. The last payment from the Chapter 13 Trustee to the Bank was made November 30, 2009. However, the order confirming the original plan has been vacated due to the Bank's successful appeal. Debtors' First Amended Plan requires the Bank to return the payments to the Chapter 13 Trustee for the benefit of the estate and for distribution to Debtors' other creditors. The Bank objects on four grounds.

### Discussion

1. The Bank objects because the amended plan requires return of the payments made under the vacated plan.

A judgment reversed by a higher court is without any validity or effect, and the parties are to be restored to their positions as if the erroneous judgment had not been entered.[3] Upon reversal of a judgment, the party who received the benefits of its enforcement is obligated to

---

[1] Debtors are ineligible for a second discharge pursuant to 11 U.S.C. §1328(f). For further background, see *In re Picht*, 428 B.R. 885 (B.A.P. 10th Cir. 2010).

[2] The Bank has already obtained stay relief.

[3] *Arkadelphia Milling Co. v. St. Louis Southwestern Ry. Co.,* 249 U.S. 134, 145-146 (1919) (railroad required to refund money collected under erroneous injunction); *Wheeler v. John Deere Co.,* 935 F.2d 1090, 1096 (10th Cir. 1991) (Insofar as relief is concerned, reversal of a judgment places the parties in the same position as if the case had never been tried.)

- 2 -

11.02.03 Picht Plan.wpd
Case 08-20677   Doc# 140   Filed 02/04/11   Page 2 of 5

restore those benefits to the adverse party unless it would be inequitable to do so.[4]  Failure to seek a stay pending appeal does not preclude restitution of funds which would not otherwise have been received but for the operation of the erroneous judgment.[5]

After reversal, an order confirming a Chapter 13 plan is no longer of any force or effect. The parties are returned to precisely their same situation as though no order had been entered.[6] The Chapter 13 Trustee is obligated to recover bankruptcy estate assets which have been used to pay dividends under a reversed order.[7]  Plan payments are not the creditors' right until the plan is approved by final order.  While an appeal is pending, both the creditors' and the debtors' rights are tentative.  Plan payments must be finally approved as complying with the Bankruptcy Code in order for a debtor to lawfully obtain a fresh start.[8]  Accordingly, when such payments are found to have been made in violation of the Code, the payments may be recovered so they may be administered in accordance with the Code.[9]

The Bank may not keep the payments received under the now-vacated Order Confirming Chapter 13 Plan.  Without the force of the order, Debtors were under no personal obligation to pay the Bank out of their post-petition wages since their personal liability was previously discharged.  The Bank is entitled to *in rem* relief only.  Debtors proposed to cash out the Bank's lien value in order to stay in their home with their three children; however, the Bank opposed the

---

[4] *Baltimore & O.R. Co. v. U.S.,* 279 U.S. 781, 786 (1928).

[5] *Fulton County Silk Mills v. Irving Trust Co. (In re Lilyknit Silk Underwear Co., Inc.),* 73 F.2d 52, 53-54 (2nd Cir. 1934); *LiButti v. U.S.,* 178 F.3d 114, 121 (2nd Cir. 1999); *United Properties Inc., v. Emporium Dep't Stores, Inc.,* 379 F.2d 55, 71 (8th Cir. 1967).  The Bank argues Debtors waived a claim for the return of the payments by not seeking a stay pending appeal.  However, Debtors prevailed after the first hearing.  It was incumbent upon the Bank, as the appellant, to either request a stay or simply refuse the payments to which it objected.  *See, e.g., id.*

[6] *Wheeler v. John Deere Co.,* 935 F.2d at 1096.

[7] *In re Lilyknit Silk Underwear Co., Inc.,* 73 F.2d at 53.

[8] *Id.*

[9] *Id.* at 54 (trustee must recover funds paid out as dividends under reorganization plan later reversed on appeal).

proposal and ultimately prevailed on appeal. Returning the parties to their pre-order position is required. The parties must now be treated as though the order never existed. Further, Debtors' other creditors have been harmed by operation of the reversed order. But for the order, Debtors' payments in excess of $15,000 would have paid other creditors' claims. These payments must be returned to the estate for a proper distribution under the Code.

> 2. The Bank objects to Debtors' alleged failure to commit all their disposable income to the plan, citing §1325(b)(3).

The Bank does not hold an allowed unsecured claim and therefore does not have standing to object to Debtors' First Amended Plan under §1325(b)(3).[10]

> 3. The Bank objects, claiming the plan is not proposed in good faith, citing §1325(a)(3).

Debtors' plan to surrender the house is a confirmable plan under §§1325(a)(3) and (a)(5)(C). Debtors may lawfully surrender the house, and they do not have to pay a distribution to the Bank for the deficiency because the deficiency has been previously discharged. The Bank has been adequately protected throughout these proceedings because Debtors have made payments on the first mortgage, thereby protecting and even improving the Bank's interest in the home's value exceeding the amount of the first mortgage.[11] It is not bad faith to exercise the only remaining practical option available to Debtors under §1325(a)(5).

> 4. The Bank objects because the amended plan does not provide for payment of costs taxed as a result of the Bank's successful appeal.

From the $16,977.45 the Bank shall repay the estate, the Bank may setoff $98.58 previously taxed as costs.

## Conclusion

---

[10] 11 U.S.C. §1325(b)(1); *see, e.g., In re Tracey,* 66 B.R. 63, 65 (Bankr. D. Md. 1986) (a secured creditor has no standing to object to whether debtors have devoted all disposable income to the plan).

[11] *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assoc., Ltd.,* 484 U.S. 365 (1988).

For the foregoing reasons, Creditor Bank of Prairie's Objections to Confirmation are DENIED. An Order Confirming Debtors' First Amended Chapter 13 Plan shall issue forthwith.

### 

ROBERT D. BERGER
U.S. BANKRUPTCY JUDGE
DISTRICT OF KANSAS